E-FILED
Thursday, 30 December, 2010 10:00:21 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Stanton J. Thompson,<br><br>    Plaintiff,<br><br>        v.<br><br>Circuit Breaker Illinois Dept.<br>on Aging, Department of Aging, and<br>Patrick Quinn,<br><br>    Defendants. | No. 10-CV-1172 |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff seeks $995.00 from the Illinois Department of Aging, an amount which he alleges is owed to him under the Illinois Circuit Breaker Act, 320 ILCS 25/1 *et seq*. He alleges that he qualified for these benefits in 2007 and 2008 because of his mental disability, but that the Department wrongfully denied him the benefits.

The Court notes that Plaintiff has "struck out" under 28 U.S.C. §1915(g), which means that he has brought at least three civil cases while incarcerated which were dismissed for failure to state a claim, or dismissed as frivolous or malicious. See, e.g., Thompson v. Quinn, 10-cv-1179 (C.D.

Ill., Judge Baker)(dismissed on 8/3/10 for failure to state a claim); Thompson v. Reed, 10-cv-1182 (C.D. Ill., Judge Baker)(dismissed 7/1/10 for failure to state a claim); Thompson v. Quinn, 10-cv-1082 (C.D. Ill., Judge Baker)(dismissed 7/1/10 for failure to state a claim).[1]  Thus, he can no longer proceed in forma pauperis on a civil action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

However, Plaintiff arguably filed this case before he accrued his three strikes, so the Court does not recommend that Plaintiff's in forma pauperis status be revoked.  Nevertheless, the filing fee must be collected in installments from Plaintiff's prison trust fund account, because he brought this civil action while incarcerated.  28 U.S.C. § 1915(b)(1)-(2).

Turning to the merits, the Court agrees with Defendants that Plaintiff fails to state a federal claim for relief.  The Illinois Circuit Breaker Act may create rights under state law, but it creates no rights under federal law.  A violation of state law, even if one occurred here, is not a violation of federal law.  Shegog v. Board of Education, 194 F.3d 836, 838 (7th Cir. 1999) ("People who contend that a state actor has violated state law or broken a contract must present their claims to state court."); Coniston Corp. v.

---

[1]There are others as well, but there is no need to list them all here.

Village of Hoffman Estates, 844 F.2d 461, 466 (7th Cir. 1988)("A violation of state law is not a denial of due process of law."). If Plaintiff believed that he was wrongly denied these state benefits, his remedy was to follow the appeal procedure set forth in 320 ILCS 25/7(c)(aggrieved person may submit written request for reconsideration).[2] [3]

The Court will therefore recommend that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim, which will earn him another "strike" under 28 U.S.C. § 1915(g). The Court need not address Defendants' other arguments for dismissal.

WHEREFORE, the Court RECOMMENDS that Defendants' Motion to Dismiss be granted (d/e 8). The Court recommends that this case be dismissed, with prejudice, for failure to state a claim.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

---

[2]It is hard to understand how Plaintiff would have qualified for benefits in 2007 and 2008, since the IDOC website shows that he has been incarcerated in the Illinois Department of Corrections since April 26, 2007. www.idoc.state.il.us (click on "inmate search")(last visited 12/27/10).

[3]The plaintiff attaches some grievances to his complaint, but they have nothing to do with his circuit breaker claim.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    December 30, 2010

                                        ____*s/ Byron G. Cudmore*_____
                                               BYRON G. CUDMORE
                                  UNITED STATES MAGISTRATE JUDGE